# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARCHIE CRANFORD, | ) | 1:14-cv-00221 GSA |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIMS |
| | ) | FOUND TO BE COGNIZABLE |
| KATHLEEN O'BRIEN, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

**I.     Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

Plaintiff, a civil detainee in the custody of the California Department of Mental Health (DMH) at Coalinga Stat Hospital, brings this civil rights action against two employees employed by DMH at Coalinga.  Plaintiff names as defendants   K. O'Brien and E. James. Plaintiff claims that Defendant O'Brien insulted Plaintiff and gave his meal to another patient. Plaintiff claims that Defendant James subjected him to excessive force.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 27, 2014 (ECF No. 5).

1

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

### A.  Summary of Complaint

Plaintiff's complaint is taken up largely with a rambling, incoherent narrative. Plaintiff appears to allege that Defendant O'Brien, on several occasions, verbally insulted Plaintiff and, at one point, gave Plaintiff's meal to another inmate. Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). A single instance of deprivation of a meal does not constitute a violation of a protected right.

Regarding O'Brien's verbal insults, mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) cert. denied, 464 U.S. 998 (1983)(mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations).

B. **Fourth Amendment Claim**

Plaintiff alleges that Defendant James, along with another staff member, forcefully placed Plaintiff into an isolation cell.  Plaintiff alleges that he was not offering resistance, yet James and the other staff member forced Plaintiff into an "arm bar lock."  They "continued to apply pressure until a very loud pop was heard."  Plaintiff alleges that he was injured as a result.

As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment, rather than the Eighth Amendment.  Fisher v. Bryant, 2:10 cv 2311 KJM DAD, 2012 WL 3276968 (E.D. Cal. Aug. 9, 2012)(Applying the Fourteenth Amendment due process standard to a claim of the excessive force brought by a civil detainee, rather than the standard set forth under the Eighth Amendment).  The Ninth Circuit has recognized that the aforementioned Eighth Amendment rights guaranteed for prisoners "set a floor for those that must be afforded to" civil detainees.  Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007)*summarily reversed on other grounds by* Hunter v. Hydrick, 129 S.Ct. 2431 (2009).  The objectively reasonable standard set forth by the Fourteenth Amendment, rather than the "malicious and sadistic" standard of the Eighth Amendment, Fisher , 2012 WL 327 6986 *9 (E.D. Cal. 2012), applies to Plaintiff's claim.  Liberally construed, Plaintiff has stated a colorable claim for relief against Defendant James.

Regarding the other staff member, Plaintiff is advised that the Court cannot order service upon unidentified defendants.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

C. **Other Claims and Defendants**

It is unclear if Plaintiff is attempting to pursue other claims for relief or not.  Plaintiff does refer to an unidentified doctor who allegedly looked at Plaintiff and did not treat Plaintiff.

3

Such an allegation, of itself, fails to state a claim for relief. As noted, Plaintiff must identify each individual defendant and describe what that defendant did to violate the particular right described by Plaintiff.

### III. Conclusion and Order

Plaintiff's complaint states a claim under the Fourth Amendment against Defendant James for use of excessive physical force. Plaintiff fails to state any other claims for relief. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue an order dismissing the remaining claims and defendants, and will forward to Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against James for use of excessive physical force and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

   Dated:  **June 25, 2014**                  **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE