UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KATHLEEN O'BRIAN, et al.,<br><br>　　　　Defendants. | 1:14-cv-00221-GSA-PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 17.)<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

**I.　BACKGROUND**

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 20, 2014. (Doc. 1.) On February 27, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 28, 2014, Plaintiff filed the First Amended Complaint. (Doc. 7.) The court screened the First Amended Complaint and issued an order on June 25, 2014, requiring Plaintiff to either file a Second Amended Complaint or notify the court that he is willing to proceed on the excessive force claim found cognizable by the court in the First Amended Complaint. (Doc. 16.) On July 3, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 17.)

## II. SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)"s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently housed at Coalinga State Hospital in Coalinga, California, in the custody of the California Department of Mental Health, where the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names as defendants Kathleen O'Brian and Earek James ("Defendants").

Plaintiff's allegations are largely vague, rambling, and conclusory. Plaintiff alleges that defendant O'Brian insulted him and gave his meal to another patient, and that defendant James subjected him to excessive force. Although the allegations are not clearly set forth, Plaintiff

appears to allege that defendant O'Brian's conduct caused Plaintiff to fear a possible altercation with another inmate in which Plaintiff would be injured. Plaintiff also appears to allege that defendant James used force against him when placing him in isolation, causing harm to his upper body. Plaintiff alleges, in part (*sic*):

> "[P]laintiff claims that Defendant kathleen o, brin insulted plaintiff and gave his meal too an nuther patient and patient claims that Defendant Mr. james Erick subjected him [PLAINTIFF] to exessive force. The court claim that the above stated actions none of which applies to section 1983 action[note] with limited exceptions such as this exception if a defeandeant uses multible insults to invoke feer [Teareast Freer] of which can amount to words that can and did lead to exstreem feer and the same meathead was applied in the giving plaintiffs food away to mr. good a black patient this was done in hopes of getting an physical alltercashion of which plaintiff would have no chance what so ever of perviailing in a long with outher members of his race the reasion of bouth atempts was to see plaintiff as well outhers searousley injured or worse the risk to a particular patient officials or employees will obviously be held liable for an assalt if they actively permit or encourage it as the defeandeant attempted she will also be found deliberateely indifferent if she stand by and do nothing about an assalt that they witness or have been notified of to take action in eather stoping or perventing that she worked through getting started is not very feassable why give plaintiffs food away or insault plaintiff . . ."

(Second Amended Complaint (2ACP), Doc. 17 at 1:15-25.)

### IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

///

**Rule 8(a)**

The court finds the allegations in Plaintiff's complaint to be vague and conclusory. Swierkeiwicz, 534 U.S. at 512. Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. As stated above, "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I, 572 F.3d at 681. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Second Amended Complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Plaintiff has not alleged facts showing that any of the Defendants personally acted to violate Plaintiff's Constitutional rights. Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the Second Amended Complaint must be dismissed. Plaintiff shall be granted leave to amend.

In the following paragraphs, the court sets forth legal standards that appear to apply to Plaintiff's claims. Plaintiff should review the standards before preparing the Third Amended Complaint, and only allege claims upon which it appears he can succeed.

**Excessive Force – Fourth and Fourteenth Amendments**

It is the Due Process Clause of the Fourteenth Amendment that protects civil detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe,

Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

In resolving claims of excessive force brought by civil detainees, the Fourth Amendment's objective reasonableness standard applies. Lolli, 351 F.3d at 415. The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. See Gibson, 290 F.3d at 1198 (citation omitted).

**Verbal Harassment**

Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

**Conditions Of Confinement – Civil Detainee**

A civil detainee retains greater liberty protections than individuals detained under criminal process and is "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" Jones v. Blanas, 393 F.3d 918, 931–32 (9th Cir.2004) (quoting Youngberg v. Romeo, 457 U.S. 307, 322, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982)). Treatment is presumptively punitive when a civil "detainee is confined in conditions identical to, similar to, or more restrictive" than his criminal counterparts. Id. at 933.

///

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg, 457 U.S. at 315. A determination whether Plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests"; the Constitution, however, is not concerned with *de minimis* restrictions on a patient's liberties. Id. at 320–21. Additionally, there must be a reasonable relationship between "the conditions and duration of confinement" and the purpose for which the civilly confined person is committed. Seling v. Young, 531 U.S. 250, 265, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001).

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any of the Defendants. Plaintiff has now filed three complaints, with ample guidance by the court, and the operative complaint on file fails to state any claims. At this juncture, the court usually moves to dismiss the case in its entirety for failure to state a claim. However, in light of the fact that Plaintiff was able to state a cognizable claim for excessive force in the First Amended Complaint, the court shall allow Plaintiff one final opportunity to amend.

The Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after February 20, 2014. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

     Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

     Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint, filed on July 3, 2014, is DISMISSED for failure to state a claim under § 1983, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint, curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:14-cv-00221-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 16, 2015**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE