UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KATHLEEN O'BRIAN, et al.,<br><br>　　　　Defendants. | 1:14-cv-00221-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 20.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.     BACKGROUND

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 20, 2014. (Doc. 1.) On February 27, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 28, 2014, Plaintiff filed the First Amended Complaint. (Doc. 7.) The court screened the First Amended Complaint and issued an order on June 25, 2014, requiring Plaintiff to either file a Second Amended Complaint or notify the court that he is willing to

proceed on the excessive force claim found cognizable by the court in the First Amended Complaint. (Doc. 16.) On July 3, 2014, Plaintiff filed the Second Amended Complaint. (Doc. 17.) The court screened the Second Amended Complaint and issued an order on April 16, 2015, dismissing the Second Amended Complaint for failure to state a claim, with leave to amend. (Doc. 19.) On April 27, 2015, Plaintiff filed the Third Amended Complaint, which is now before the court for screening. (Doc. 20.)

**II.     SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

///

**III.     SUMMARY OF THIRD AMENDED COMPLANT**

Plaintiff is presently housed at Coalinga State Hospital in Coalinga, California, in the custody of the California Department of Mental Health, where the events at issue in the Third Amended Complaint allegedly occurred. Plaintiff names sole defendant Kathleen O'Brian ("Defendant"). Plaintiff's factual allegations follow, in their entirety (*sic*).

> "Now comes plaintiffs secound ameanded complaint on or about november 20014 durring a forced court yard brake plaintiff and several outher patients was forced into one of the small court yards while our houseing unit was being searched while on the yard the defeendant started to call plaintiff a bastard knoweing full well that the defendant was degradeing plaintiffs deceased mouther the defenndant knew as well that he posesses a sevear mental dissorder regarding his mouther therefore she delibeartly used that percisse title regarding plaintiffs moutherwhat the defendant did was use verbal force to invoke hostial form of excessive force which is punishable in montiary and injunctiuve relif as stated in the originail complaint now plaintiff is fully awaire that he is not too use or copy parts of amended complaints and to the best of his knalage he has not."

(Third Amended Complaint, Doc. 20 at 1.)

**IV.     PLAINTIFF'S VERBAL HARASSMENT CLAIM**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Plaintiff claims that the Defendant called him names, insulting Plaintiff's mother, which caused Plaintiff mental distress. Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

Therefore, Plaintiff fails to state a claim for verbal harassment. Plaintiff also fails to state any other cognizable claims against the Defendant in the Third Amended Complaint.

## V. CONCLUSION

The Court finds that Plaintiff's Third Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 29, 2015**            **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE